**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SUNDAY HODGES** | * | **CIVIL ACTION NO.: 26-1808** |
| **VERSUS** | * | **SECTION** |
| | * | **JUDGE** |
| **T & M BOAT RENTALS, L.L.C. and DURVIN J. LOMBAS, JR.** | * | **MAGISTRATE** |

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, SUNDAY HODGES, who files this Complaint for Damages against Defendants, T & M BOAT RENTALS, L.L.C. ("T & M"), and DURVIN J. LOMBAS, JR. ("Lombas"), and alleges as follows:

**PARTIES**

1.

Plaintiff, SUNDAY HODGES, is a person of the full age of majority domiciled in Houma, Louisiana.

2.

Defendant, T & M BOAT RENTALS, L.L.C., is a Louisiana limited liability company authorized to do and doing business in Louisiana and, upon information and belief, maintains its principal place of business in this judicial district.

3.

Defendant, DURVIN J. LOMBAS, JR., is a person of the full age of majority and, upon information and belief, is domiciled in Golden Meadow, Lafourche Parish, Louisiana.

**JURISDICTION AND VENUE**

4.

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff, a seaman, asserts a claim arising under a law of the United States, the Jones Act, 46 U.S.C. § 30104, *et seq*., and under 46 U.S.C. § 30103. This Court has jurisdiction over Plaintiff's claims for unseaworthiness and for maintenance and cure under 28 U.S.C. § 1333 and the general maritime law of the United States. Plaintiff elects to proceed at law on the civil side of this Court and demands a trial by jury on all claims; this Complaint is not an election to proceed in admiralty under Rule 9(h) of the Federal Rules of Civil Procedure.

5.

Venue is proper under 28 U.S.C. § 1391(b)(1) because, upon information and belief, Defendants are subject to personal jurisdiction in Louisiana, and this is the judicial district in which any defendant resides, and all defendants are residents of the State in which the district is located.

**FACTS**

6.

Plaintiff is an American seaman protected by the Jones Act, 46 U.S.C. § 30104, *et seq*. At all relevant times, Plaintiff was assigned to the M/V CHARLOTTE W, a vessel in navigation, and his duties contributed to the function of the vessel and to the accomplishment of its mission.

7.

This action arises from personal injuries Plaintiff sustained on or about October 29, 2025, while working in the course of his employment as a deckhand aboard the M/V CHARLOTTE W. Plaintiff alleges that his injuries were caused by the negligence of T & M, its employees and/or agents, and by Lombas's negligence, willful misconduct, and/or neglect or refusal to obey the laws governing the navigation of vessels.

8.

On or about October 29, 2025, Plaintiff was employed by T & M as a seaman and member of the crew of the M/V CHARLOTTE W.

9.

At all relevant times, T & M owned, manned, provisioned, operated, and/or controlled the M/V CHARLOTTE W. Upon information and belief, Lombas was employed or otherwise retained by T & M and was serving as the vessel's captain and/or master. At the time of the incident, the vessel was operating on navigable waters in Vermilion Bay, Louisiana.

10.

While assigned aboard the M/V CHARLOTTE W on or about October 29, 2025, Plaintiff sustained serious injuries after being violently thrown about the interior and exterior of the vessel when the vessel took on water and sank during a severe-weather event.

11.

At all relevant times, Plaintiff was working under Lombas's supervision, and despite severe-weather warnings, Lombas ordered the vessel tied to barges in Vermilion Bay.

## **FIRST CAUSE OF ACTION**

## **NEGLIGENCE UNDER THE JONES ACT AGAINST T & M BOAT RENTALS, L.L.C.**

12.

Plaintiff re-avers and re-alleges each allegation of fact and law contained in the preceding paragraphs as if set forth fully in this paragraph.

13.

Plaintiff brings this cause of action against T & M under the Jones Act, 46 U.S.C. § 30104, *et seq*.

14.

On or about October 29, 2025, T & M employed Plaintiff as a crewmember aboard the M/V CHARLOTTE W and owed him a duty to exercise reasonable care and provide a reasonably safe place to work. Acting through its officers, agents, servants, and/or employees, including Lombas, T & M breached those duties in the following nonexclusive respects:

a. Failing to provide a reasonably safe place to work;
b. Failing to provide adequate safety equipment and gear;
c. Failing to inspect and maintain the vessel and its equipment and gear in a safe working condition;
d. Employing or retaining an incompetent captain;
e. Operating the vessel in an unsafe or improper manner; and
f. Committing other negligent acts or omissions to be proven at trial.

15.

As a result, in whole or in part, of T & M's negligence, Plaintiff sustained severe and debilitating injuries to his right elbow, left knee, left shoulder, ribs, back, and other parts of his body. The negligence of T & M, through its agents, servants, and/or employees acting in the course and scope of their employment or agency, including Lombas, caused or contributed to the incident and Plaintiff's injuries.

## SECOND CAUSE OF ACTION

## UNSEAWORTHINESS OF THE M/V CHARLOTTE W AGAINST T & M BOAT RENTALS, L.L.C.

16.

Plaintiff re-avers and re-alleges each allegation of fact and law contained in the preceding paragraphs as if set forth fully in this paragraph.

17.

Plaintiff brings this cause of action against T & M under the general maritime law of the United States.

18.

At all relevant times, T & M, as owner and/or operator of the M/V CHARLOTTE W, owed Plaintiff an absolute duty to furnish a vessel, appurtenances, equipment, and crew reasonably fit for their intended purposes.

19.

On or about October 29, 2025, the M/V CHARLOTTE W was unseaworthy, and the unseaworthy conditions caused or contributed to Plaintiff's injuries. T & M failed to take reasonable and necessary steps to ensure the safety of the vessel and its crew. The vessel was unseaworthy in the following nonexclusive respects:

a. The vessel had an incompetent master, officers, and/or crew;
b. The vessel had inadequate or unsafe safety equipment and gear; and
c. Other unseaworthy conditions to be proven at trial.

20.

The unseaworthy conditions alleged above were a proximate cause, in whole or in part, of Plaintiff's injuries and resulting damages, for which T & M is liable.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MAINTENANCE AND CURE AGAINST T & M BOAT RENTALS, L.L.C.

21.

Plaintiff re-avers and re-alleges each allegation of fact and law contained in the preceding paragraphs as if set forth fully in this paragraph.

22.

Plaintiff brings this cause of action against T & M under the general maritime law of the United States.

23.

As a seaman employed by T & M, Plaintiff is entitled under the general maritime law to maintenance and cure until he reaches maximum cure and to unearned wages as provided by law. It was, and remains, T & M's duty as Plaintiff's employer to furnish him maintenance, cure, and unearned wages. Despite notice and multiple demands, T & M has failed to pay adequate maintenance and cure.

24.

Since the incident and on dates thereafter, T & M has wrongfully failed and/or refused to provide Plaintiff with maintenance, cure, and unearned wages. Plaintiff alleges T & M's refusal was unreasonable, willful, wanton, arbitrary, and capricious. As a result of T & M's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recover damages and expenses, including damages for the prolongation or aggravation of his injuries, pain and suffering, and additional expenses.

25.

Plaintiff has retained counsel to obtain the maintenance-and-cure benefits due to him and seeks maintenance, cure, unearned wages, compensatory damages, punitive damages, and reasonable attorneys' fees to the extent permitted by law.

26.

As a result of the foregoing, Plaintiff has sustained and/or will sustain the following injuries, losses, and damages for which T & M is liable:

a. Maintenance and cure accrued through trial and in the future until Plaintiff reaches maximum cure;
b. Unearned wages to the extent owed under the general maritime law;
c. Compensatory damages for physical and emotional injury, pain, and suffering;
d. Prolongation and/or aggravation of Plaintiff's injuries;
e. Medical and health-care expenses;
f. Daily living expenses;
g. Punitive damages for the willful and wanton failure to honor maintenance-and-cure obligations;
h. Prejudgment interest;
i. Post-judgment interest; and
j. Reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE OF DURVIN J. LOMBAS, JR.**

27.

Plaintiff re-avers and re-alleges each allegation of fact and law contained in the preceding paragraphs as if set forth fully in this paragraph.

28.

Plaintiff brings this cause of action against Lombas under 46 U.S.C. § 30103 and the general maritime law of the United States.

29.

At all relevant times, Lombas was acting in the course and scope of his employment as captain and/or master of the M/V CHARLOTTE W.

30.

Upon information and belief, Lombas, as captain and/or master of the M/V CHARLOTTE W, owed Plaintiff a duty to exercise reasonable care in the operation and navigation of the vessel and in the supervision and protection of its crew. Lombas breached those duties in the following nonexclusive respects:

a. Ordering or directing that the vessel be tied to barges despite severe-weather warnings;
b. Failing to take reasonable and timely action to protect the vessel and its crew from the severe-weather conditions;
c. Operating, navigating, and/or directing the operation of the vessel in an unsafe or improper manner;
d. Failing to exercise reasonable care under the circumstances; and
e. Committing other negligent acts or omissions to be proven at trial.

31.

As a direct and proximate result, in whole or in part, of Lombas's negligence, willful misconduct, and/or neglect or refusal to obey the laws governing the navigation of vessels, Plaintiff sustained the injuries, losses, and damages alleged herein, for which Lombas is liable.

## DAMAGES

32.

As a direct and proximate result of the incident, Plaintiff sustained severe and painful physical and emotional injuries that have caused and continue to cause pain, suffering, impairment, discomfort, mental anguish, and distress. Some or all of the injuries may be permanent and disabling. Plaintiff has also sustained past lost wages and a loss of future earning capacity and has incurred and will incur medical, pharmaceutical, and related expenses. The amount of Plaintiff's damages will be determined at trial.

33.

As a result of the foregoing, Plaintiff has sustained and/or will sustain the following injuries, losses, and damages for which one or more Defendants are liable, as applicable:

a. Reasonable and necessary medical expenses, past and future;

b. Physical pain and suffering, past and future;

c. Mental anguish, past and future;

d. Past lost wages and future loss of earning capacity;

e. Physical disfigurement, past and future;

f. Physical impairment, past and future;

g. Maintenance, cure, unearned wages, and related damages against T & M;

h. Punitive damages, attorneys' fees, and interest to the extent permitted by law; and

i. All other relief available under law or equity.

## JURY DEMAND

34.

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER

35.

WHEREFORE, Plaintiff, SUNDAY HODGES, prays that Defendants be cited to appear and answer herein in the form and manner prescribed by law, and, after trial by jury on the merits, requests judgment in his favor and against Defendants, T & M BOAT RENTALS, L.L.C., and DURVIN J. LOMBAS, JR., jointly, severally, or in such proportions as the law permits, for all damages and relief recoverable under the Jones Act, 46 U.S.C. § 30104, et seq., and 46 U.S.C. § 30103, and the general maritime law, including maintenance, cure, unearned wages, punitive damages for the willful and wanton failure to pay maintenance and cure, and reasonable attorneys'

fees against T & M where permitted; compensatory damages against Defendants as permitted by law; prejudgment and post-judgment interest at the maximum rates allowed by law; costs; and all other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Thomas W. Shlosman*

Thomas W. Shlosman (LA Bar No. 34086)
Mikalia M. Kott (LA Bar No. 30733)
**SHLOSMAN LAW FIRM**
4907 Magazine Street
New Orleans, Louisiana 70115
Telephone: (504) 826-9427
Facsimile: (504) 324-0431
tom@shlosmanlaw.com
mikalia@shlosmanlaw.com
**Attorneys for Plaintiff, Sunday Hodges**